# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ALGENO BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:17-CV-03917-TCB-AJB |
| v. | ) | |
| | ) | |
| MAXIM HEALTHCARE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR EXTENSION OF DISCOVERY FOR LIMITED PURPOSES**

Defendant Maxim Healthcare Services, Inc. ("Defendant"), through its undersigned counsel, respectfully submits this Motion for Extension of Discovery for Limited Purposes, stating as follows:

1. Plaintiff initiated this action on October 5, 2017. (Dkt. 1).

2. Defendant Answered on November 1, 2017. (Dkt. 3).

3. In or around late February 2016, the parties discussed a joint motion for extension of the discovery period, in part because Plaintiff had not responded fully to Defendant's discovery requests, and depositions had not been taken as a result. Consistent with those discussions, on March 6, 2018, the parties filed a Joint Motion for Extension of Discovery and Related Deadlines, which was subsequently granted by this Court. (Dkts. 22, 24).

4. Pursuant to the Order filed by this Court on March 6, 2018, discovery is presently set to close on June 1, 2018. (Dkt. 24).

5. On March 6, 2018, Paul J. Sharman, Esq. filed a Motion for Leave to Withdraw as Plaintiff's counsel. (Dkt. 23). That same day, the Court denied Mr. Sharman's Motion, *without prejudice*. (Dkt. 25).

6. Mr. Sharman subsequently filed an Amended Motion for Leave to Withdraw as Plaintiff's counsel. (Dkt. 26). On March 12, 2018, the Court denied Mr. Sharman's Amended Motion to Withdraw, *without prejudice*. (Dkt. 27).

7. On March 29, 2018, Mr. Sharman filed another Amended Motion for Leave to Withdraw as Plaintiff's counsel. (Dkt. 28). On April 17, 2018, the Court granted Mr. Sharman's Motion to Withdraw as Plaintiff's counsel, terminating Mr. Sharman as the attorney of record for Plaintiff. (Dkt. 29). Per the Court's April 17, 2018 Order, Plaintiff was notified of his *pro se* status and requirement to comply with the Federal Rules of Civil Procedure and applicable Local Rules. (Dkt. 29).

8. On April 18, 2018, Counsel for Defendant sent letter correspondence to Plaintiff via regular mail and e-mail to inquire regarding the status of this matter, among other things, whether Plaintiff would be proceeding with this matter *pro se*, had retained new counsel, or no longer wished to litigate the action. *See*

Defendant's April 18, 2018 Letter to Plaintiff, attached hereto as Exhibit A. In light of the impending close of discovery on June 1, 2018, Defendant also inquired regarding the status of some outstanding discovery items, including the scheduling of Plaintiff's deposition, and asked Plaintiff to provide available dates for his deposition. Defendant asked Plaintiff to respond by April 25, 2018. Defendant received no response from Plaintiff.

9. On April 27, 2018, Counsel for Defendant sent a follow-up letter to Plaintiff via regular mail and e-mail to inquire regarding the status of this matter, requesting a response regarding the items requested in Defendant's April 18, 2018 letter. *See* Defendant's April 27, 2018 Letter to Plaintiff, attached hereto as Exhibit B. Defendant asked Plaintiff to respond by May 4, 2018 or Defendant would seek Court intervention.

10. On or about May 2, 2018, Plaintiff called counsel for Defendant to inform Defendant's counsel that Plaintiff would be proceeding with this matter *pro se*. Counsel for Defendant asked Plaintiff to provide responses to Defendant's outstanding discovery inquires as soon as possible, given the impending close of discovery on June 1, 2018. Defendant did not receive a response from Plaintiff.

11. On or about May 3, 2018. Counsel for Defendant sent a follow-up e-mail[1] to Plaintiff to inquire regarding the status of this matter again, and Plaintiff's failure to provide responses regarding Defendant's outstanding discovery items. *See* Defendant's May 3, 2018 E-mail to Plaintiff, attached hereto as Exhibit C. Defendant did not receive a response from Plaintiff.

12. On or about May 7, 2018. Counsel for Defendant sent another follow-up e-mail to Plaintiff to inquire regarding the status of this matter. *See* Defendant's May 7, 2018 E-mail to Plaintiff, attached hereto as Exhibit D. Defendant asked Plaintiff to respond by May 10, 2018 or Defendant would seek the Court's intervention.

13. To date, Defendant has received no response from Plaintiff. Accordingly, Defendant has attempted in good faith to contact Plaintiff, but has been unable to do so.

14. Defendant has worked diligently and cooperatively to complete the necessary discovery in the interest of judicial economy. However, Defendant requires additional time to gather necessary documents, and to conduct Plaintiff's deposition. Accordingly, additional discovery is still needed by Defendant for

---

[1] Confidential settlement discussions are redacted in Defendant counsel's May 3, 2018 e-mail.

which Defendant respectfully submits that a limited extension of the discovery cut-off date is necessary.

15. In light of the impending close of Discovery, Defendant respectfully moves the Court for a sixty (60) day extension of the discovery cut-off date and related deadlines (including but not limited to the deadline for summary judgment motions), up to and including July 30, 2018, for the limited purposes of (1) taking Plaintiff's deposition; (2) taking any related follow-up depositions such as deposing Plaintiff's medical provider, and (3) obtaining responses to any outstanding subpoenas, including obtaining Plaintiff's unemployment, medical and mental health records.

16. Defendant maintains that good cause has been shown, that this limited extension is not sought for the purpose of delay, and that this extension is both necessary and appropriate.

**WHEREFORE**, Defendant prays for an extension of the discovery cut-off date for a period of sixty (60) days, through and including July 30, 2018, and a mirroring extension of all related deadlines extended by the Court in its March 6, 2018 Order, for the limited purposes of (1) taking Plaintiff's deposition; (2) taking any related follow-up depositions, such as deposing Plaintiff's medical provider,

and (3) obtaining responses to any outstanding subpoenas, including obtaining Plaintiff's unemployment, medical and mental health records.

Respectfully submitted this 10th day of May, 2018.

> By: /s/ *Natalie N. Turner*
> Natalie N. Turner
> Georgia Bar No. 719646
> Sherry A. Nielsen
> Georgia Bar No. 968877
> Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> 191 Peachtree Street, N.E.
> Suite 4800
> Atlanta, GA 30303
> Telephone: 404-881-1300
> Facsimile: 404-870-1732
> natalie.turner@ogletreedeakins.com
> sherry.nielsen@ogletreedeakins.com
>
> *Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify I have this day electronically filed the ***Motion for Extension of Discovery for Limited Purposes*** with the Clerk of Court using the CM-ECF System, and that I caused a copy of the foregoing document(s) to be served, by first class mail, postage paid, on the *pro se* Plaintiff, as follows:

>Mr. Algeno Boyd
>391 Paradise Crossing
>Douglasville, GA 30134
>Reelmcoy3@gmail.com

This 10th day of May, 2018.

>*/s/ Sherry A. Nielsen*
>Sherry A. Nielsen
>
>Counsel for Defendant

34038109.2